IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JERRY L GENTRY                                                                                          PLAINTIFF

v.                                              Case No. 1:22-cv-1006

SAMUEL PITTS, Jailer-CO, Columbia County
Detention Center; and WILLIAM HOLMES,
Jail Administrator, Columbia County                                                      DEFENDANTS

## ORDER

Plaintiff Jerry L Gentry filed this 42 U.S.C. § 1983 action *pro se* on January 21, 2022, in the Eastern District of Arkansas. ECF No. 1. On January 24, 2022, the case was transferred to the Western District of Arkansas, El Dorado Division. ECF No. 4. Before the Court is Plaintiff's failure to comply with orders of the Court.

In response to this Court's order, Plaintiff filed an Amended Complaint on March 21, 2022. ECF No. 11. However, Plaintiff failed to submit a completed *in forma pauperis* ("IFP") application. The following day the Court granted Plaintiff an extension of time to submit his IFP application. ECF No. 14. On April 4, 2022, Plaintiff notified the Court of a change of address indicating he had been released from custody and was residing at 601 Homer Street, Magnolia, Arkansas 71753. ECF No. 16.

When a plaintiff is released from confinement, the Court's policy is to require submission of affidavits to determine whether he should be required to pay all, or a portion of, the fees and costs of the lawsuit. On April 5, 2022, the Court entered an order directing Plaintiff to submit an IFP application to reflect his free world financial status by April 26, 2022. ECF No. 17. Plaintiff did not respond and the order has not been returned as undeliverable. On April 29, 2022, the Court ordered Plaintiff to show cause by May 20, 2022, as to why he failed to comply with the Court's

order to submit an IFP application. ECF No. 18. To date, Plaintiff has not responded and the order to show cause has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 6th day of June 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge